■ JOE DORSEY, Respondent, v. KNICKERBOCKER HOSPITAL, Appellant.— Judgment for plaintiff entered upon a jury verdict unanimously reversed and vacated, on the law and on the facts, without costs or disbursements, and new trial ordered solely on the issue of damages. In this action against a hospital to recover for injuries alleged to have been sustained by plaintiff by reason of his having been given a blood transfusion of incompatible whole blood, it was established, without dispute, that plaintiff received the wrong type of blood; and, under the circumstances here, a retrial of the issue of liability is neither necessary nor required in the interests of justice. (See *Mercado* v. *City of New York,* 25 A D 2d 75.) The record, however, does not adequately support plaintiff's claim that he sustained serious permanent injuries, including retinal arteriosclerosis and encephalopathy, as a result of the improper transfusion. The verdict of the jury, insofar as it rests upon a finding that these alleged injuries are causally related to the wrongful transfusion is contrary to the greater weight of the evidence; and, absent such causal relationship, there is no support in the record for a substantial verdict. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ In the Matter of MARIA PEREZ, Individually and as Administratrix of the Estate of ROBERT PEREZ, Deceased, Respondent, v. CITY OF NEW YORK, Appellant.— Order entered on August 27, 1965 unanimously reversed, on the law, the facts and in the exercise of discretion, and leave is granted to defendant to serve an amended answer herein on condition that it first pays to plaintiff a full bill of costs to date, including $30 costs and disbursements of this appeal. Defendant in this wrongful death action seeks to amend its answer and include a defense based upon section 11 and subdivision 6 of section 29 of the Workmen's Compensation Law. While it is true that the defendant unduly delayed in the making of this motion, there has been no showing that the plaintiff would suffer any prejudice by granting defendant's application. The plaintiff's rights under the Workmen's Compensation Law have been preserved by virtue of the filing by decedent's first wife of a timely claim thereunder. (*Matter of Whitsell* v. *Academy Auto Sales,* 16 A D 2d 846.) The amended answer shall be served within 15 days of the entry of an order hereon. Concur — Stevens, J. P., Eager, Steuer and Capozzoli, JJ.